FILED
CLERK, U.S. DISTRICT COURT

JAN - 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge ~~_____~~ Wu

From: _Michele Murphy_, Deputy Clerk, Date Received: _01-07-10_

Case No.: _CV09-8770 GW (RZ)_ Case Title: _Rozenders -vs- Amex Co, et al_

Document Entitled: _Notice of Opposition to Motion to Strike; Memo of Points and Authorities_

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

- ☐ Local Rule 11-3.1    Document not legible
- ☐ Local Rule 11-3.8    Lacking name, address, phone and facsimile numbers
- ☐ Local Rule 11-4.1    No copy provided for judge
- ☐ Local Rule 19-1      Complaint/Petition includes more than ten (10) Does or fictitiously named parties
- ☐ Local Rule 15-1      Proposed amended pleading not under separate cover
- ☐ Local Rule 11-6      Memorandum/brief exceeds 25 pages
- ☐ Local Rule 11-8      Memorandum/brief exceeding 10 pages shall contain table of contents
- ☐ Local Rule 7.1-1     No Certification of Interested Parties and/or no copies
- ☐ Local Rule 6.1       Written notice of motion lacking or timeliness of notice incorrect
- ☐ Local Rule 56-1      Statement of uncontroverted facts and/or proposed judgment lacking
- ☐ Local Rule 56-2      Statement of genuine issues of material fact lacking
- ☐ Local Rule 7-19.1    Notice to other parties of ex parte application lacking
- ☐ Local Rule 16-6      Pretrial conference order not signed by all counsel
- ☐ FRCvP Rule 5(d)      No proof of service attached to document(s)
- ☒ Other: _Pursuant to General Order 08-02, case is designated for electronic filing_

Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

---

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____    _____
Date                        U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have not been filed with the Court.

JAN - 8 2010                _George H. Wu_
_____    _____
Date                        U.S. District Judge / ~~U.S. Magistrate Judge~~

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

---

CV-104A (12/03)            NOTICE OF DOCUMENT DISCREPANCIES

GPO U.S. GOVERNMENT PRINTING OFFICE: 2007 672-579

ZOLA WEGMAN & ASSOCIATES, APC
STEPHEN D. WEGMAN, SBN 217314
468 N. Camden Drive, Penthouse
Beverly Hills, CA 90210
DIRECT: (310) 285-1766
FAX: (310) 861-1627
wegman at zolawegman.com
Attorneys for Plaintiff,
BRUCE ROZENBERG

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT
JAN - 8 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

RECEIVED BUT NOT FILED
JAN - 7 2010 2:26 PM
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRUCE ROZENBERG, an individual,

Plaintiffs,

v.

AMERICAN EXPRESS COMPANY, a business entity, PATSY HARPER, an individual, and DOES 1 thru 100,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV 09-8770-GW(RZx)

PLAINTIFFS NOTICE OF OPPOSITION TO MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.

Date:   January 25, 2010
Time:   8:30 a.m.
Place:  Courtroom 10

COMES NOW Plaintiff, BRUCE ROZENBERG by and through his attorneys of record, Zola Wegman & Associates, APC and respectfully submit this Opposition to Defendant AMERICAN EXPRESS COMPANY'S (herein "AMEX") Motion To Strike Portions of Plaintiff's Complaint.

///
///
///
///
///
///

**ORIGINAL**

PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION:

Defendant attempts to strike portions of Plaintiff's Complaint. As discussed below, Defendant relies upon improper legal standards in order to inappropriately strike portions of the Complaint that has been properly and sufficiently plead.

## II. STATEMENT OF FACTS:

This action arises out of multiple violations of the Fair Credit and Reporting Act and defamatory statements made by Defendant AMEX, of and concerning Plaintiff ROZENBERG, causing him monetary damage and loss of opportunity, as well as damage to his reputation.

## III. LEGAL ARGUMENTS:

### A. PLAINTIFFS SUFFICIENTLY PLEAD FACTS THAT DEFENDANT ACTED INTENTIONALLY WARRANTING A CLAIM FOR PUNITIVE DAMAGES

A Complaint seeking punitive damages must allege facts showing statutory "malice" under Civil Code section 3294. In determining whether a Complaint contains sufficient facts for punitive damages, the court must read the allegations in context with all other facts alleged in the Complaint. (*Monge v. Superior Court* (1986) 176 Cal.App.3d 503, 510; *Perkins v. Superior Court* (1981) 117 Cal.App.3d 1, 6.) For intentional tort causes of action, an allegation that the Defendant acted "intentionally" or "willfully," without any further facts, is sufficient to state a claim for punitive damages under Civil Code section 3294. *(G.D. Searle & Co. v. Superior Court* (1975) 49 Cal.App.3d 22, 29.) As an essential element of an intentional tort claim, e.g., defamation, is the intentional conduct of a defendant that is likely to cause injury, the cause of action in and of itself shows "malice" warranting punitive damages. No showing of "despicable conduct" is required. (Civ.C. § 3294(c)(1); CACI 3940, 3941, see also *George H. Hillenbrand, Inc. v. Ins. Co. of No. America* (2002) 104 Cal.App.4th 784, 816.)

In *Searle*, a personal injury action based on product liability, the appellate court held that a negligence claim seeking punitive damages requires the heightened pleading allegation of Defendant's knowledge of the dangerous potential of its product. However, when a plaintiff alleges an intentional tort, a prayer for exemplary damages is supported by an allegation the conduct was committed willfully. As the *Searle* Plaintiff based her complaint on a negligence theory, she was required to allege that Searle

had knowledge of the dangerous potential of its product or that it acted in conscious disregard of its consumers' safety. Since it alleged neither element, nor any intentional tort, the court struck punitive damages. (*G.D. Searle, supra,* 49 Cal.App.3d at 29.)

Applicable to Plaintiffs' Complaint herein is *Kiseskey v. Carpenters'Trust for So. Calif.* (1983) 144 Cal.App.3d 222. In *Kiseskey* a husband and wife brought suit against a union for compensatory and punitive damages on an intentional infliction of emotional distress claim arising out of threatening phone calls by union officials. The husband and wife alleged that the conduct of the union's officers was "intentional, outrageous, malicious and done with ill will and intent to injure Plaintiff and to cause Plaintiff mental anguish and emotional and physical distress." The Defendant challenged the complaint as conclusory and containing irrelevant facts. (*Id.* at 228.)

While the appellate court agreed that the allegation was conclusory, it held that it was sufficient to sustain a prayer for punitive damages when coupled with a factual allegation of wrongful conduct, i.e., threatening phone calls. (*Ibid.*) As the primary element in pleading an intentional tort is an allegation of the Defendant's intentional conduct, which in the case of intentional infliction of emotional distress is outrageous conduct by the Defendant, this was adequate pleading for punitive damages. (*Id.* at 235.) Moreover, the Court noted, a Complaint that includes a prayer for punitive damages will be upheld although the facts are not clearly stated or are intermingled with immaterial or irrelevant facts to the pleading. (*Id.* at 228.)

Plaintiff's Complaint complies with the authority for pleading punitive damages on an intentional tort. All causes of action are torts whose essential element is intentional conduct. Plaintiffs consistently allege, throughout the entire Complaint, the intentional and oppositional conduct of Defendant. These factual allegations, taking the Complaint as a whole, are sufficient to sustain a prayer for punitive damages based on intentional, i.e., malicious, conduct of Defendant. Defendant's motion to strike damage, does not challenge Plaintiffs' claim for any of the intentional torts, thereby leaving each separate cause of action intact with the associated prayer for punitive damages. In addition, and although unnecessary to plead for intentional torts, such conduct is outrageous and in conscious disregard for the rights of Plaintiff. This leads to Defendant's erroneous arguments. Defendant's motion to strike centers on the heightened pleading standard for negligence claims. Plaintiff is not seeking punitive damages on a

negligence claim. In support of its contention, Defendants rely on case law addressing the allegations required for gross negligence which is not the standard for an intentional tort. To the contrary, Plaintiff properly alleges *two (2) years of countless letters, countless phone calls, the hiring of an attorney, providing police reports, and a lawsuit filed against Plaintiff* at the hands of AMEX, thus entitling Plaintiff to punitive damages.

## IV. CONCLUSION

Therefore, for the foregoing reasons, Plaintiffs respectfully request that this Court DENY the Defendants' MOTION TO STRIKE in its entirety. In the alternative, Plaintiff requests that this Court grant Plaintiffs leave to amend this complaint.

Dated: 1-5-10

Respectfully Submitted,

ZOLA WEGMAN & ASSOCIATES, APC

By: _____
Stephen D. Wegman, Attorneys for Plaintiff
BRUCE ROZENBERG

<u>PROOF OF SERVICE</u>

ROZENBERG v. AMEX
Case No. CV 09-8770-GW(RZx)

I, Marissa Chaco, am a citizen of the United States and am employed in the County of Los Angeles. I am over the age of 18 years and am not a party to the within action; my current business address is 468 N. Camden Dr., PH, Beverly Hills, CA 90210.

On Wednesday, January 06, 2010, I served the foregoing document described as: **NOTICE OF OPPOSITION TO MOTION TO STRIKE AND OPPOSITION TO MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**, on the interested parties in this action.

☒ by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

RUSSELL G. GOMM
PALMER LOMBARDI & DONOHUE
888 W. 6TH ST
LOS ANGELES, CA 90017

☒ **BY MAIL.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Foothill Ranch, California in the ordinary course of business. I am aware that on motion of the party served, service are presumed invalid if postal cancellation date or postage meter date are more than one day after date of deposit for mailing in affidavit.

☐ **BY UNITED PARCEL SERVICE.** I sent via United Parcel Service. I am "readily familiar" with the firm's practice of collection and processing packages for United Parcel Service delivery. Under that practice, the packages were picked up by an United Parcel Service representative on the same day with the Shipping Document listing the account number for billing to sender at Foothill Ranch, California, in the ordinary course of business. The packages were picked up on that date following ordinary business practices.

☐ **BY FAX.** I served such document by facsimile transmission to fax number () on . No errors in transmission were reported.

I declare under penalty of perjury under the laws of the State of California that the foregoing are true and correct and that I am employed in the office of a member of the bar of thare court at whose direction the service was made.

Executed:   January 6, 2010 at Van Nuys, California.



Marissa Chaco